## Eaby's Estate.

Argued May 25, 1933, and April 23, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harris C. Arnold,* with him *John A. Coyle, J. Colvin Wright* and *Simon H. Sell,* for appellant, No. 156, and appellee No. 215.

*D. Cress Reiley,* for appellant, No. 215, and appellee No. 156.

OPINION BY MR. JUSTICE SIMPSON, May 21, 1934:

On March 23, 1923, Mrs. Rachel A. Eaby loaned her son-in-law $6,000, taking his bond for that amount, and also a paper under seal, executed by her daughter, Flora Eaby Cessna, in which the latter states that this sum shall be treated "as an advancement on my share or interest or expectancy in the estate of my mother......and I agree that the same shall be deducted therefrom or accounted therefor in the settlement of the said estate, whether my said mother dies testate or intestate."

On March 20, 1929, the mother died intestate, a resident of this Commonwealth, and leaving, as her heirs-at-law and next of kin, the said Flora Eaby Cessna, and a grandson, Carl Reese Eaby, Jr., to and in whom her estate descended and vested in accordance with our intestate laws. After her death, three writings were found among her papers, the bond and the agreement above referred to, and the following document:

"Whereas, my son in law, Harry Cessna, on March 23, 1923, executed and delivered to me his bond conditioned for the payment of the sum of $6,000 at my death, with interest thereon from March 1st, 1923, at the rate of six per cent per annum, payable monthly;

"And, whereas, I have not now access to my bank box at the Fulton National Bank of Lancaster, Pennsylvania, nor an opportunity to examine my papers, and do not know whether I have charged this sum of $6,000 as an advancement to my daughter, Flora Cessna, or that she has given to me an instrument or obligation

promising to pay this amount to my estate, or to have it charged against her share of my estate; or whether I, in my will, have charged this $6,000 against her share of my estate;

"And, whereas, it is my wish that my daughter, Flora Cessna, shall not be charged with this sum of $6,000 which I loaned to her husband, Harry Cessna, nor that this sum of $6,000 be paid to my estate.

"And, whereas, it is my will that this said sum of $6,000 shall not be considered as part of my estate, but that this sum and the obligation and bond of Harry Cessna to me shall become the property of my daughter, Flora Cessna at my death, without being charged against any of her share of my estate, or become a part of my estate, and that my estate, outside of this $6,000 shall be distributed between my daughter, Flora, and my grandson, Carl Reese Eaby Jr. in equal shares, if I should die without a will, or according to the terms of my will, if I should die leaving a will.

"Now, in accordance with the above premises, I give and bequeath this bond of Harry Cessna to my daughter, Flora Eaby Cessna, and desire that it shall be exclusive of any other portion or balance of my estate, and this bequest shall not affect her interest in her share of the balance of my estate, my intention being to make this $6,000 a present to my daughter, Flora and not have her charged with it in any way whatever.

"Witness my hand and seal this 9th day of April A. D. 1924.

"Rachel Alice Eaby."

The daughter was appointed administratrix of the estate, and, at the settlement of her administration account, the grandson claimed that decedent's loan of $6,000 to her son-in-law should be charged, in accordance with the daughter's agreement, as an advancement against her distributive share, and she contended that, under the paper last quoted, decedent made a gift of the $6,000 to her, the daughter, and this extinguished the

liability which had been provided for in the advancement agreement. The court below decided that, since there was no delivery of the last-quoted paper, it was but an inchoate gift and hence of no effect. It, therefore, charged her distributive share with the $6,000 specified in the advancement agreement.

From the decree entered in accordance with that decision, the daughter appealed to this court, as of January Term, 1933, No. 215. After argument upon and consideration of the appeal, we made the following order: "May 25, 1933, the court will defer further consideration of this appeal for a period of ninety days to afford opportunity to Flora Eaby Cessna [the daughter] to offer for probate the instrument—apparently testamentary in character—executed by the decedent on April 9, 1924, and appearing in the auditor's report as paper No. 3......

"Per Curiam,

"ROBERT S. FRAZER,

"Chief Justice."

The daughter thereupon presented the paper to the register of wills for probate, and due proof having been made of the mother's signature to it, it was duly probated on May 27, 1933. From that order the grandson appealed to the orphans' court, which, after argument, dismissed his exceptions, and entered a final decree setting forth that "the decision of the register of wills admitting to probate the instrument executed by the decedent, Rachel Alice Eaby, on April 9, 1924, as a writing testamentary in character, is sustained." The grandson then appealed to this court, as of January Term, 1934, No. 156. The final decree of the court below is right and must be affirmed.

A futile criticism is made of the paper as a testamentary document. A very brief consideration of it will suffice to answer the objection. In it, the mother, after reciting the two papers relating to the $6,000, and that she does not wish her daughter to be charged therewith,

and that "it is my *will*," that that sum "shall not be considered as part of my estate, but that this sum and the obligation and bond [of her son-in-law] shall become the property of my daughter Flora Cessna, *at my death* without being charged against any of her share of my estate, and that my estate, outside of this $6,000," shall be distributed between her daughter and grandson, she continues: "Now, in accordance with the above premises, *I give and bequeath* this bond of [her son-in-law] to my daughter, Flora Eaby Cessna......my intention being to make this $6,000 a present to my daughter, Flora, and not have her charged with it in any way whatever." The mother's desire could not have been made clearer. The grandson attempts to make a point of the use of the words "a present to my daughter," and claims that we should hold that they exclude the idea of a testamentary gift; but he overlooks the fact that the gift of the "present" is thus made: *"I give and bequeath"* it to "my daughter, Flora Cessna, *at my death."* It is thus made clear that it was a testamentary "present," and, therefore, entitled to probate.

It is also urged that the daughter should be estopped from claiming the paper was testamentary in character, because of the fact that she had asserted, up to the time of our order of May 25, 1933, that it operated as a gift inter vivos. This indicates a misapprehension of the doctrine of estoppel, which never applies to the mere misinterpretation of a document to which the parties have access, nor, in any case, unless the party urging the estoppel was ignorant of the applicable facts (not of the law merely) and because thereof was misled to his loss by the conduct of the other party, who knew the true facts. None of these essentials exist here. Such a claim might just as well be urged against a litigant, at law or in equity, who amends his pleadings. The grandson knew, for he was bound to know, his aunt was entitled to the $6,000 because the paper was testamentary in character. Probably he thought then, as he contends

now and as his aunt apparently thought then, that the use of the word "present" excluded the idea of a testamentary gift. Certainly, if he thought his aunt was estopped from setting up the fact that the paper was testamentary in character at the time she did, he should have raised the question in this court as soon as he learned of our order of May 25, 1933. After this was acted upon in the court below, without objection from him, it was too late to raise the point; if we applied his notion of an estoppel at all, we would be obliged to hold that he was estopped from asserting his imaginary estoppel.

The final decree of the court below is affirmed at the cost of the appellant, Carl Reese Eaby, Jr.; the appeal to No. 215, January Term, 1933, is dismissed at the cost of the appellant therein, Flora Eaby Cessna; all other costs are to be paid by decedent's estate.